IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Devin Jamaal Kershaw, #285275, ) | |
| ) | Civil Action No. 6:10-951-MBS-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND** |
| ) | **REPORT AND RECOMMENDATION** |
| Anthony J. Padula, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's motion for entry of default (doc. 54) and motion to appoint counsel (doc. 48). The plaintiff, who is a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. The plaintiff claims that since November 2007 the defendants have subjected him to harassment, threats, and retaliation for refusing to cooperate in the defendants' investigation of a former corrections officer at Lee Correctional Institution.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

On October 1, 2010, the plaintiff filed a motion to appoint counsel (doc. 48). The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored. Moreover, it has been authoritatively stated in this context that a person who has a legitimate civil rights claim for damages "will likely find private counsel available on a contingent fee basis." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978). In most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se*

litigant, this court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion, but this is not the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed.

On November 3, 2010, the plaintiff filed a motion for entry of default against the defendants. The plaintiff states in his motion that on August 11, 2010, he served the defendants with discovery requests. On August 27, 2010, the defendants filed a motion for extension of time to file dispositive motions, which this court granted, extending the deadline to November 1, 2010. The plaintiff argues as follows: "Neither defendant in this case has produced these requested materials therefore they have failed to comply with this court's order. The defendants have failed to answer or otherwise defend as to plaintiff's complaint . . . " (pl. m. for default 1). The plaintiff's argument does not make sense. The defendants timely filed their motion for summary judgment on November 1, 2010, within the extension granted by this court. This court did not order the defendants to respond to discovery requests by a certain date. In fact, the plaintiff only recently, on December 6, 2010, filed a motion to compel. Furthermore, entry of default is appropriate when a party fails to timely plead. Fed.R.Civ.P. 55. Here, despite the plaintiff's argument to the contrary, the defendants timely filed an answer to the plaintiff's complaint (*see* doc. 24).

By order of this court filed November 2, 2010, pursuant to *Roseboro*, 528 F.2d 309, the plaintiff was advised of the defendants' motion for summary judgment, the summary judgment procedure, and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff did not respond to the motion.[1] The

---

[1] The court notes that the plaintiff did file the motion for entry of default (doc. 54) and the motion to compel (doc. 58). However, he did not file a response to the motion for summary judgment.

plaintiff shall have through January 10, 2011, to file his response to the motion for summary judgment. The plaintiff is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

Now, therefore, based on the foregoing,

IT IS RECOMMENDED that the motion for entry of default (doc. 54) be denied as meritless. Further,

IT IS ORDERED that the plaintiff's motion to appoint counsel (doc. 48) is denied. Finally,

IT IS ORDERED that the plaintiff has through January 10, 2011, to file his response to the defendants' motion for summary judgment (doc. 51). If he fails to respond, this action is subject to dismissal for failure to prosecute.

IT IS SO ORDERED.

s/Kevin F. McDonald  
United States Magistrate Judge

December 16, 2010

Greenville, South Carolina